UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JULIE ANN CROOKS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-423-DRL-MGG |
| SHERIFF OF ALLEN COUNTY INDIANA and ALLEN COUNTY JAIL MEDICAL STAFF, | |
| Defendants. | |

OPINION AND ORDER

Julie Ann Crooks, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ms. Crooks alleges that she has been receiving inadequate medical care at the Allen County Jail, beginning in July 2023. She says that before she was arrested, an MRI revealed a torn meniscus in her knee. She reports that she signed a release of medical information so that jail staff could obtain her outside medical records, but those records

were not obtained, and she was not allowed to go to an already scheduled follow-up appointment on July 20, 2023.

Ms. Crooks lists several instances in which she contends that medical staff did not properly respond to her medical complaints. On July 20, 2023, she submitted a medical request because she was having excruciating knee pain. Nursing responded but did not examine her knee. She asked for pain medication but was not given any. On August 19, 2023, she again sent a medical request about excruciating knee pain. She requested a blanket to prop her knee on and something for swelling and pain. She was given ibuprofen and an extra blanket for a week. When this order expired, she asked to see an orthopedic doctor but saw the jail doctor instead. The jail doctor prescribed ibuprofen and a steroid for five days, but did not allow her to see a specialist. When the ibuprofen order expired, Ms. Crooks complained and was told she would need to file another medical request. She did not want to do this because she would be charged another copay in order to receive more ibuprofen. She contends that her knee is sustaining more damage each day she goes without surgery.

Ms. Crooks further alleges that medical staff granted her a bottom bunk restriction because of her knee, but custody staff did not follow that order and made her sleep on the floor or in a "boat"—a temporary bed. Her knee injury makes it hard for her to get up off the floor or out of the boat. She sues the Sheriff of Allen County and the Allen County Jail medical staff.

Ms. Crooks alleges that she was a pretrial detainee at the time of her injury. As a pretrial detainee, her rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of*

*Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and quotations omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, Ms. Crooks cannot proceed on a claim regarding being forced to sleep on the floor despite the bottom bunk restriction or for the medical care she has received for her knee because she does not identify an individual defendant who could be held responsible. A defendant must have personal involvement in the alleged constitutional violation in order to be held liable for damages. *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023). Ms. Crooks does not name the custody staff member responsible for bed assignments, and the Sheriff cannot be held responsible for the actions of his subordinates unless he, too, was personally involved in the action. *See Burks v. Raemisch*, 555 F.3d 592,

3

594 (7th Cir. 2009). There are no allegations connecting him to the bed assignments. Similarly, Ms. Crooks names as a defendant the medical staff as a whole, without naming the individual doctors or nurses who were involved in her care. Even if she does not know their names, she must identify them and describe them the to the best of her ability.

This complaint does not state a claim for which relief can be granted. If Ms. Crooks believes she can state a claim based on (and consistent with) the events described in this complaint, she may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from her law library. She needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after she properly completes the form.

For these reasons, the court:

(1) GRANTS Julie Ann Crooks until **March 29, 2024**, to file an amended complaint; and

(2) CAUTIONS Julie Ann Crooks if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 26, 2024                               *s/ Damon R. Leichty*
                                                Judge, United States District Court